## Robert P. Maxwell v. John Spurgin.

1. QUESTIONS OF FACT—*Conflicting Evidence.*—Where the evidence is conflicting as to the matter at issue, if there is sufficient to support the plaintiff's allegation, the finding of the court must be accepted as the proper solution.

Assumpsit.— Common counts. Error to the Circuit Court of McDonough County; the Hon. CHARLES J. SCOFIELD, Judge, presiding. Heard in this court at the November term, 1894. Affirmed. Opinion filed June 3, 1895.

R. G. BREEDEN and SHERMAN & TUNNICLIFFS, attorneys for plaintiff in error.

NEECE & SON, attorneys for defendant in error.

MR. PRESIDING JUSTICE WALL DELIVERED THE OPINION OF THE COURT.

This was assumpsit — common counts.

Plea, general issue. A jury was waived and the cause heard by the court, whose finding was for the plaintiff, $339. Judgment accordingly.

The claim of the plaintiff was for freight advanced for, and the feed of a number of horses shipped to him in this State from the State of Washington by one Gibbons, which horses the defendant claimed as his by purchase from one Richardson. These horses and others shipped by other parties were advertised for public sale and the defendant in-

terposed his claim, when, as the plaintiff insists, it was agreed that the sale should proceed and that the plaintiff should, from the proceeds, be repaid his advances for freight and feed, he making no claim of ownership in the horses. The sale did proceed and notes of the buyers were deposited with Cole & Co., bankers, to whom the notes were made payable. Defendant refusing to pay the plaintiff or allow him to receive the proceeds of the notes the present action was brought.

It is now argued that the defendant made no agreement to reimburse the plaintiff, but as the evidence is conflicting and as there was enough to support the plaintiff's allegation we must accept the finding of the court as a proper solution of that question.

It is also urged that the horses were stolen from Richardson, and therefore that the alleged promise of defendant was without consideration, and further, that defendant professed to act as Richardson's agent only, and that in no event is he personally liable.

The court held propositions of law on both these points as asked by the defendant, and must, therefore, have found the questions of fact for plaintiff. Whether the horses were in fact stolen, depends on the credit to be given the testimony of Gibbons, whose deposition was taken. He testified that he and the plaintiff and two other parties stole these and other horses which were included in the same shipment and that he was then in the penitentiary of the State of Washington for that offense. The plaintiff denied that he had any part in the theft or that there was any so far as he knew; and there was other evidence tending to impeach Gibbons.

Richardson, the alleged owner, did not testify. The court may have disbelieved Gibbons, and was justified in doing so if the testimony of the plaintiff was credible. As already observed, such must have been the conclusion arrived at in view of the proposition of law held by the court, and we need not consider the question now argued, whether the proposition was correct or not.

As to the point that defendant was acting for a disclosed principal, the evidence is in such conflict that the court might well find for the plaintiff. Indeed, we are inclined to think the weight of evidence was very clearly that way.

On the whole we find no occasion to interfere with the judgment, which will, therefore, be affirmed.